UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE H.,[1]

                                        Plaintiff,                  Case # 22-CV-830-FPG

v.                                                                                 DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

Plaintiff Nicole H. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 17. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

In July 2018, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 112. She alleged disability since April 2017 due to several physical and mental impairments. *Id.* In March 2020, Administrative Law Judge William M. Weir ("the ALJ") issued a decision

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 11.

1

finding that Plaintiff is not disabled. Tr. 29-40. In August 2022, the Appeals Council denied Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination

of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

# DISCUSSION

## I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 2018, her application date. Tr. 31. At Step Two, the ALJ found that Plaintiff suffered from a number of physical impairments, including obesity, degenerative joint disease of the right ankle, and degenerative disc disease. *Id.* At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 32.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of sedentary work. Tr. 33. At Step Four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 38. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 39. The ALJ therefore found that Plaintiff is not disabled. Tr. 39-40.

## II. Analysis

Plaintiff argues that remand is warranted because, *inter alia*, the ALJ mischaracterized the opinion of Elizabeth Storm, MSPT. ECF No. 14-1 at 4. Because the Court agrees, it need not address Plaintiff's other arguments.

In his decision, the ALJ noted that Plaintiff had long "complained of back pain." Tr. 35. In December 2016, Plaintiff met with Storm for a functional capacity evaluation. Tr. 386. During that evaluation, Plaintiff performed "work simulation tasks" to assess her abilities. In her report, Storm noted that Plaintiff could sit occasionally. Tr. 387. Based on her findings, Storm opined that Plaintiff "demonstrate[d] the capacity to perform a SEDENTARY job." Tr. 389.

As Plaintiff correctly points out, however, Storm's finding that Plaintiff could sit "occasionally" is inconsistent with Storm's ultimate conclusion that Plaintiff could perform sedentary work. "In order to perform a full range of sedentary work, an individual must be able to remain in a seated position for approximately 6 hours of an 8-hour workday." S.S.R. 96-9p, 1996 WL 374185, at *6 (July 2, 1996). By contrast, "occasionally" means "occurring from very little up to one-third of the [workday]." S.S.R. 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983). As a result, "sedentary work generally involves sitting more than occasionally." *Lane v. Astrue*, 267 F.R.D. 76, 85 (W.D.N.Y. 2010). Thus, on its face, Storm's evaluation is internally inconsistent, insofar as she opines that Plaintiff can only sit "occasionally" but can also perform the ordinary demands of sedentary work. *See* Tr. 387, 389.

Without acknowledging or attempting to reconcile this inconsistency, the ALJ found persuasive Storm's ultimate conclusion that Plaintiff could "perform sedentary work." Tr. 35. In doing so, the ALJ observed that the record "contain[ed] no persuasive evidence from any of [Plaintiff's] own sources indicating that [she] is unable to work." Tr. 38.

Under the circumstances, the ALJ's treatment of Storm's evaluation was erroneous. It is well-established that an ALJ "may not ignore or mischaracterize evidence of a person's alleged disability." *Mercado v. Comm'r of Soc. Sec.*, No. 18-CV-1260, 2019 WL 13219641, at *3 (W.D.N.Y. Dec. 20, 2019). An ALJ may mischaracterize evidence if he takes a medical source's opinion out of context. *See, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 418-19 (2d Cir. 2013) (concluding that the ALJ erred by citing a portion of doctor's medical notes while "ignor[ing] the context of the notation"); *Trumpower v. Colvin*, No. 6:13-cv-6661, 2015 WL 162991, at *16 (W.D.N.Y. Jan. 13, 2015) (noting that an ALJ may not "cherry-pick[] evidence from the record").

In this case, by solely citing Storm's ultimate conclusion, and ignoring or overlooking the (contrary) findings on which that conclusion was based, the ALJ misconstrued Storm's opinion. In doing so, the ALJ "made no effort to reconcile [the] apparent inconsistency" between her clinical findings and ultimate conclusion. *Colgan v. Kijakazi*, 22 F.4th 353, 362-63 (2d Cir. 2022). Moreover, as a result of this error, the ALJ failed to properly evaluate the supportability of Storm's opinion—one of the "most important factors" to consider in determining an opinion's persuasiveness. 20 C.F.R. § 416.920c(b)(2); *see also id.* § 416.920c(c)(1) (explaining that, pursuant to "supportability" factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions or prior administrative medical finding(s) will be").

The Commissioner does not persuasively respond to Plaintiff's argument. While the Commissioner accuses Plaintiff of "reinterpret[ing] the results of [Storm's] evaluation differently than did the medical professional who actually performed it," ECF No. 17-1 at 22, the Commissioner fails to offer a different interpretation of the facial inconsistency between Storm's sitting finding and her ultimate conclusion regarding sedentary work. At most, the Commissioner seems to suggest that Storm believed Plaintiff was malingering, which could account for the difference between Plaintiff's observed abilities and Storm's conclusion. *See id.* That suggestion is not supported by the record. Storm only opines that Plaintiff "self-limited *lifting* job simulation tasks," not the sitting task. Tr. 389 (emphasis added). Regardless, even if Storm's opinion could be interpreted in that manner, the ALJ did not claim to have resolved the apparent inconsistency on that basis. *See* Tr. 35, 38. The Court may not accept the Commissioner's *post hoc* rationalization for the ALJ's decision. *See Alazawi v. Comm'r of Soc. Sec.*, No. 18-CV-00633, 2019 WL 4183910, at *4 (W.D.N.Y. Sept. 4, 2019).

Accordingly, the ALJ erred in his treatment of Storm's evaluation. The Court cannot conclude that this error is harmless. Although Storm is not a physician, the ALJ agreed that her evaluation provided helpful insight into Plaintiff's abilities. *See* Tr. 38. Because the ALJ found Storm's evaluation persuasive and relied on it in part to conclude that "[t]he record contain[ed] no persuasive evidence from any of [Plaintiff's] sources indicating that [Plaintiff] is unable to work," Tr. 38, a re-evaluation of Storm's opinion might well change the ALJ's analysis. The Court cannot say that the "highly fact specific and contextual" evaluation of Storm's opinion in the context of the record as a whole is "foreordained." *Calcutt v. F.D.I.C.*, 598 U.S. 623, 629 (2023). Therefore, the matter is remanded for further proceedings consistent with this opinion.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is GRANTED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 30, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York