UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICOLE H.,[1]

                          Plaintiff,

                                                                                             Case # 22-CV-830-FPG

v.

                                                                                              DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

       On November 30, 2023, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the matter to the Commissioner for further proceedings. ECF No. 19. On December 1, 2023, the Clerk of Court entered judgment in Plaintiff's favor. ECF No. 20.

       On February 5, 2024, Plaintiff moved for $6,672.27 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 21. The Commissioner opposes Plaintiff's request on several grounds. ECF No. 23. For the reasons that follow, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

       It is well-established that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983); *see also, e.g.*, *Williams v. Colvin*, No. 13-CV-5431, 2015 WL 9275682, at *1 (S.D.N.Y. Dec. 18, 2015) (applying doctrine with respect to an EAJA fee petition). This means that counsel must make "contemporaneous entries as the work [is] completed," and the final billing must be "based on these contemporaneous records." *Cruz v. Local Union No. 3 of Int'l Brotherhood of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994). A court may dispense with this "hard-and-fast rule" only in "truly unusual circumstances beyond the applying attorney's control," *Scott v. City*

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

1

*of New York*, 643 F.3d 56, 57-58 (2d Cir. 2011), such as where "the records were consumed by fire or rendered irretrievable by a computer malfunction before counsel had an opportunity to prepare his application." *Scott v. City of New York*, 626 F.3d 130, 134 (2d Cir. 2010).

In this case, the Commissioner alleges that Plaintiff's counsel did not maintain contemporaneous time records.  The Commissioner reaches this inference primarily through a comparison of counsel's original and revised timesheets, which contain several alleged discrepancies and suspicious figures.  *See generally* ECF No. 23; ECF No. 21-1 at 3 (February 5, 2024 timesheet); *id.* at 4 (January 10, 2024 timesheet); ECF No. 23-2 at 1 (December 11, 2023 timesheet).  While Plaintiff's counsel acknowledges that there were some "legitimate concerns raised by the [Commissioner]" with respect to the original timesheet, ECF No. 21-1 at 1, he maintains that his most recent timesheet is "accurate and honest."  ECF No. 24 at 2.

However, in none of his filings does Plaintiff's counsel unambiguously affirm that his timesheets are either contemporaneous records or are based on contemporaneous records.  *See Cruz*, 34 F.3d at 1160.  Instead of plainly and clearly stating as much in his response to the Commissioner's brief, Plaintiff's counsel expresses his surprise at having to "defend[] an EAJA submission"—since they are usually "resolved via Stipulation"—and explains that his most recent timesheet conforms to his ordinary practice.  ECF No. 24 at 1-2.  Counsel notes that he has used "[t]his manner of presentation" for "over three decades, and neither any prior US Attorney nor any prior WDNY Judge has found any cause to complain about any of [his] submissions." *Id.* at 1. Counsel's remarks may be true, but they are also beside the point.  The success of counsel's previous fee petitions does not absolve him of the need to substantiate his *current* fee petition with contemporaneous records.  *Cf. Scott*, 643 F.3d at 58 (attorney's reputation and "good standing among the bar" did not excuse his failure to keep contemporaneous time records).

Because Plaintiff's counsel has provided no evidence that his fee request is supported by "contemporaneous time records," his application for attorney's fees must be "disallowed." *Carey*, 711 F.2d at 1154.  The Court is willing to entertain a renewed fee petition from Plaintiff's counsel, so long as he supports that petition with a clear affirmation that his "billing was based on [] contemporaneous records," along with a detailed explanation of what his "timekeeping practices" are.  *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 149-50 (2d Cir. 2014).  In addition, counsel should provide specific explanations for the apparent discrepancies that the Commissioner identified in the timesheets, as those discrepancies call into question the reliability of counsel's timekeeping practices.[2]

Accordingly, Plaintiff's motion for attorney's fees (ECF No. 21) is DENIED WITHOUT PREJUDICE.  The renewed fee petition, should Plaintiff's counsel wish to submit one, is due by March 28, 2024.  If Plaintiff's counsel fails to file a renewed fee petition by that date, the original motion (ECF No. 21) will be deemed denied with prejudice.

IT IS SO ORDERED.

Dated: March 1, 2024
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[2] In the alternative, if counsel is unable to demonstrate that his fee petition is supported by contemporaneous records, but he believes that he has some other reliable basis to support his fee request, he is free to seek fees on that basis. *See, e.g.*, *Scott*, 643 F.3d at 59 (permitting attorney to recover "limited fees," despite the attorney's failure to keep contemporaneous time records, where official court records served as "reliable documentation of [the] attorney's compensable hours").