UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NICOLE H.,

                Plaintiff,

                                          Case # 22-CV-830-FPG

v.

                                          DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

On March 1, 2024, the Court denied without prejudice Plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 25. The Court denied the motion because Plaintiff's counsel—Dennis A. Clary—"ha[d] provided no evidence that his fee request is supported by contemporaneous time records," *id.* at 3 (internal quotation marks omitted), as required by well-established, longstanding Second Circuit precedent. The Court permitted Plaintiff to file a "renewed fee petition," so long as Attorney Clary "support[ed] that petition with a clear affirmation that his billing was based on contemporaneous records." *Id.* (internal quotation marks and brackets omitted). Even in the absence of contemporaneous records, the Court was willing to entertain Attorney Clary's fee application if he could proffer "some other reliable basis to support his fee request." *Id.* at 3 n.2.

Plaintiff has now filed a renewed motion for attorney's fees. ECF No. 26. Attorney Clary admits that he did not keep contemporaneous time records to support his fee petition. ECF No. 26-1 at 2. But he argues that it would be unfair to deny his fee request because (a) he "was never informed" about the need for contemporaneous time records, (b) he has "almost exclusively" performed "administrative law work" during his career, for which he is compensated on a contingency-fee basis and therefore has "never been required to submit timesheets" in connection

with fee requests, and (c) the timesheets he submitted in this matter are an accurate reflection of his work. *Id.* at 1-2. Attorney Clary also submits the affirmation of his assistant, Jennifer Tanguay, who confirms that contemporaneous timesheets have not been needed given Attorney Clary's "areas of practice." *Id.* at 4. She also states that, when a timesheet must be submitted, Attorney Clary is able to use his "excellent memory and experience" to reconstruct an accurate summary of "the amount of time" expended on case-related activities. *Id.*

For largely the reasons discussed in the prior decision, Attorney Clary's fee request must be denied in its entirety. In doing so, the Court is not undertaking any assessment of the "fairness" of the circumstances or Attorney Clary's fault (or lack thereof). The Court's ruling is *not* a discretionary judgment. In 1983, the Second Circuit expressly stated that "contemporaneous time records are a prerequisite for attorney's fees in this Circuit." *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). Thus, even if the Court were inclined to agree with Attorney Clary's position, it would have no authority to ignore the Second Circuit's mandate. *See United States v. Fayton*, No. 23-CR-1, 2023 WL 8275924, at *3 (S.D.N.Y. Nov. 30, 2023) ("Generally, a published decision by the Second Circuit binds . . . district courts within the Circuit."). To the contrary, it would constitute reversible error for the Court to ignore that mandate and award Attorney Clary attorney's fees based on the perceived unfairness of the situation. *See Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011) (vacating district court's fee award where fees were not supported by contemporaneous time records, and rejecting district court's argument that it would have been "inequitable to deny [the attorney] an award" under the circumstances).

In short, Attorney Clary's concession that his fee request is not supported by contemporaneous time records compels the Court to deny the motion. *See Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir. 2014) ("[A]ny attorney who applies for court-ordered

compensation in this Circuit must document the application with contemporaneous time records specifying . . . the date, the hours expended, and the nature of the work done.  The failure to do so results in denial of the motion for fees." (internal quotation marks, ellipses, brackets, and citation omitted)).  Furthermore, although the Second Circuit has indicated that alternative documentation may in some circumstances suffice in lieu of contemporaneous time records, *see Scott*, 643 F.3d at 59 (permitting attorney to be compensated for time in court recorded in "official court records"), Attorney Clary did not take up the Court's invitation to proffer an alternative basis to support his fee request.  *See* ECF No. 25 at 3 n.2.

Accordingly, Plaintiff's renewed motion for attorney's fees (ECF No. 26) is DENIED WITH PREJUDICE.  This matter remains closed.

IT IS SO ORDERED.

Dated: April 12, 2024
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

3